UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SANTANDER BANK, N.A., <br><br> Plaintiff, <br><br> v. <br><br> ARGENIS CONTRERAS, <br><br> Defendant. | Civil Action No. |

## COMPLAINT

### Introduction

This is a suit by Plaintiff to recover a defaulted and unpaid guaranty from the Defendant, for which he unconditionally guaranteed a loan by Plaintiff in excess of $22,000,000.00, to Bonamar Corp. as borrower. Bonamar is currently being liquidated in an assignment for the benefit of creditors; Bonamar is in default of its obligations to the Plaintiff; and the Defendant Argenis Contreras is in default of his unconditional and unlimited guarantee of all obligations of Bonamar Corp. to the Plaintiff.

### Parties

1. The Plaintiff Santander Bank N.A. (the "**Bank**") is a national bank with headquarters at 824 North Market Street, Wilmington, Delaware and a place of business in this district at 200 Liberty Street, New York, NY.

2. Bonamar Corp. ("**Bonamar**") is a Florida corporation with a place of business at 12380 NW 116th Avenue, Medley, Florida.

3. The Defendant Argenis Contreras ("**Contreras**") is an individual who resides at 1300 Lugo Avenue, Coral Gables, Florida.

## Venue

4. Venue is proper in this Court inasmuch as the applicable loan documents discussed below (and attached as Exhibits) contain a valid and enforceable venue selection clause which specifies that the parties agree to the jurisdiction of the state or federal courts located in the Borough of Manhattan, New York.

## Jurisdiction

5. This court has subject matter diversity jurisdiction pursuant to 28 U.S.C. §1332(a)(1), as the Plaintiff and Defendants are citizens of different states and the matter in controversy exceeds the sum of $75,000.00.

## BACKGROUND FACTS

6. On or about January 13, 2017, the Bank and Bonamar entered into a loan agreement, promissory note and other related loan documents pursuant to which the Bank agreed to loan up to $30,000,000.00 to Bonamar. A copy of the January 13, 2017 Credit Agreement between the Bank and Bonamar (the "**Credit Agreement**") is attached hereto and specifically incorporated herein by reference as **Exhibit "1."**

7. Paragraph 10.13 of the Credit Agreement provides that the credit agreement and each of the other loan documents are to be construed in accordance with the laws of the State of New York, and that "the borrower consents to the jurisdiction of any of the federal or state courts located in the Borough of Manhattan in connection with any suit to enforce the rights of the lender under [the Credit Agreement] or any of the loan documents..."

8. On or about January 13, 2017, Bonamar also executed and delivered to the Bank at Promissory Note in the amount of $30,000,000. A copy of the Promissory Note is attached hereto and specifically incorporated herein by reference as **Exhibit "2."**

9. On or about March 23, 2018, Bonamar executed and delivered to the Bank an "Allonge to Note" reducing the amount of the Promissory Note from $30,000,000.00 to $25,000,000.00. A copy of the Allonge is attached hereto and specifically incorporated herein by reference as "**Exhibit 3**".

10. On or about January 13, 2017, Contreras executed and delivered his Unlimited Guarantee (the **"Guaranty"**) of all Obligations (as that term is defined in the Credit Agreement, hereinafter the "**Obligations**"). A copy of the Guaranty is attached hereto and specifically incorporated herein by reference as **Exhibit "4."**

11. The Guaranty specifies, at paragraph 14, that the Guaranty is to be construed in accordance with and governed by the laws of the State of New York, and states that Contreras consents to the jurisdiction of any of the federal or state courts located in the Borough of Manhattan in connection with any suit to enforce the rights of the Bank under the Guaranty.

12. Bonamar is in default of the Credit Agreement, Promissory Note, Allonge, and other loan documents (collectively the "**Loan Documents**") in connection with the Bank's loan to Bonamar, including but not limited to those events of default stated in the Bank's November 8, 2018 Notice of Default to Bonamar, a copy of which is attached hereto and specifically incorporated herein by reference as **Exhibit "5."**

13. On February 11, 2019, due to Bonamar's defaults on its Obligations, the Bank made demand on Bonamar for payment in full of all amounts owed by Bonamar to the Bank. A copy of the Bank's demand to Bonamar is attached hereto and specifically incorporated herein by reference as **Exhibit "6."**

14. On February 11, 2019 the Bank made demand upon Contreras under his Guaranty, for payment in full of all obligations of Bonamar to the Bank. A copy of the demand to Contreras is attached hereto and specifically incorporated herein by reference as **Exhibit "7."**

15. On or about February 25, 2019, Bonamar made an Assignment for the Benefit of Creditors and Bonamar is currently being liquidated by the Assignee for the Benefit of Creditors. On information and belief, the liquidation process is nearly complete.

16. As of July 8, 2019 the balance due on the Bank's loan to Bonamar is $9,784,957.40 plus interest, costs and costs of collection, including attorney's fees. The Bank estimates that there will be a deficiency on its loan to Bonamar, after liquidation and application of the assets of Bonamar, of approximately $7 million to $8 million.

### COUNT I (vs. Contreras on his Unconditional and Unlimited Guaranty)

17. The Bank re-avers, re-alleges and specifically incorporates herein by reference the allegations contained in paragraphs 1 through 16 above, as if separately set forth herein.

18. Contreras is in default under his Guaranty to the Bank.

19. The Guaranty provides that Contreras' liability to the Bank, for all Obligations of Bonamar to the Bank, is absolute, unconditional and irrevocable.

20. Contreras has failed, neglected and refused to pay the amounts due under his Guaranty.

21. As of July 8, 2019, the Defendant Contreras owes the Bank the amount of $9,784,957.40 plus interest, costs and costs of collection, including attorney's fees, pursuant to his Guaranty.

**WHEREFORE**, the Plaintiff Santander Bank, N.A. requests this Court to enter judgment in its favor under Count I, against Defendant Argenis Contreras, in the amount of $9,784,957.40 plus interest, costs and costs of collection, including attorney's fees, and for such other and further relief as the Court shall determine to be just and proper.

|  |  |
|---|---|
| | Respectfully submitted, |
| | SANTANDER BANK, N.A. |
| DATED:  July 11, 2019 | By its Attorneys, |
| | RIEMER & BRAUNSTEIN LLP |
| | By: */s/ Paul S. Samson* |
| | Paul S. Samson, Esq. |
| | Times Square Tower |
| | Suite 2506 |
| | Seven Times Square |
| | New York, NY 10036-6524 |
| | Tel:  (212) 789-3138 |
| | Email: psamson@riemerlaw.com |

2517101.2